1  BLANK ROME LLP
   Joshua Briones (pending admission *pro hac vice*)
2  JBriones@BlankRome.com
   E. Crystal Lopez (SBN 029423)
3  ECLopez@BlankRome.com
   2029 Century Park East, 6th Floor
4  Los Angeles, CA 90067
   Telephone:   424.239.3400
5  Facsimile:    424.239.3434

6  Michael A. Iannucci (pending admission *pro hac vice*)
   Iannucci@BlankRome.com
7  One Logan Square
   130 North 18th Street
8  Philadelphia, PA 19103
   Telephone:   215.569.5500
9  Facsimile:    215.569.5555

10 Attorneys for Defendant
   NEW PENN FINANCIAL, LLC
11
                    UNITED STATES DISTRICT COURT
12
                         DISTRICT OF ARIZONA
13

14
   CHARLES A. GULDEN, an individual,          Case No. _____
15
                          Plaintiff,          **NOTICE OF REMOVAL OF**
16                                            **ACTION PURSUANT TO 28 U.S.C.**
          vs.                                 **§§ 1331, 1441, AND 1446 BY**
17                                            **DEFENDANT NEW PENN**
   NEW PENN FINANCIAL, LLC, a Delaware        **FINANCIAL, LLC**
18 limited liability company,
                                              (From Yuma County Superior Court Case
19                        Defendants.         No. J1401CV201600382)

20                                            Complaint Filed:    March 1, 2016
                                              Date Removed:       April 4, 2016
21

22

23

24

25

26

27

28
   ─────────────────────────────────────────
   144905.00601/102104542v.1
        **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446**
                      **BY DEFENDANT NEW PENN FINANCIAL, LLC**

1    TO ALL PARTIES AND THE CLERK OF THE ABOVE-ENTITLED COURT:

2    PLEASE TAKE NOTICE that Defendant New Penn Financial, LLC ("NPF"),

3    through its undersigned counsel, hereby removes to this Court pursuant to 28 U.S.C. §§

4    1331, 1441 and 1446, this action, which was originally filed in the Yuma Justice Court First

5    Precinct, in and for the County of Yuma, State of Arizona and assigned Case No.

6    J1401CV201600382.  The grounds for this removal are set forth herein.

7    **I.    INTRODUCTION.**

8    1.    On or about March 1, 2016, Plaintiff Charles A. Gulden ("Plaintiff") filed a

9    Complaint in the Yuma Justice Court First Precinct in and for the County of Yuma, State of

10   Arizona, entitled *Charles A. Gulden v. New Penn Financial, LLC* as Case No.

11   J1401CV201600382 (the "State Court Action").  A copy of the Summons, Complaint and

12   Notice of Service of Process are attached hereto as Exhibit "A."  Plaintiff's Complaint seeks

13   damages against NPF for alleged wrongdoing under the Telephone Consumer Protection

14   Act, codified at 47 U.S.C. § 227, *et seq.* ("TCPA").  (*See* Compl. ¶¶ 6-15.)

15   **II.    28 U.S.C. § 1331 REQUIREMENTS.**

16   2.    A United States District Court has original jurisdiction over all civil actions

17   arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331.

18   3.    Plaintiff alleges six violations of the federal TCPA, thereby implicating federal

19   question jurisdiction. (*See* Compl. ¶¶ 6-15.)

20   4.    Any civil action brought in a state court of which the district courts of the

21   United States have original jurisdiction may be removed by a defendant to the district court

22   of the United States for the district and division embracing the place where such action is

23   pending. 28 U.S.C. § 1441(a).

24   5.    Here, the State Court Action is pending in Yuma County, Arizona.  Therefore,

25   removal to this District Court is proper.

26

27

28

144905.00601/102104542v.1                          1

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446
BY DEFENDANT NEW PENN FINANCIAL, LLC**

6.      Accordingly, the United States District Court for the District of Arizona has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, and this action is removable to this Court pursuant to 28 U.S.C. § 1441.

**III.    28 U.S.C. § 1446 REQUIREMENTS.**

    **A.    This Notice of Removal Is Timely Filed.**

7.      This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after NPF was served with the Complaint.  Plaintiff served NPF with a copy of the Summons and Complaint on March 4, 2016 via NPF's corporate agent, the Corporation Service Company.  (*See* Ex. A.)

    **B.    Procedural Requirements.**

8.      Section 1446(a) requires a removing party to provide this Court a copy of all "process, pleadings and orders" served on it in the State Court Action.  (*See* Ex. A.)

9.      Pursuant to 28 U.S.C. section 1446(d), NPF is filing a copy of the Notice of Removal with the Clerk of the Yuma Justice Court First Precinct, County of Yuma, State of Arizona and serving Plaintiff with the same.

WHEREFORE, New Penn Financial, LLC respectfully submits that the United States District Court for the District of Arizona has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1441 and that the requirements of § 1446 are satisfied.  For these reasons, this action is properly removed from state court to the United States District Court for the District of Arizona.

DATED: April 4, 2016        BLANK ROME LLP


By: /s/ E. Crystal Lopez
      Joshua Briones
      E. Crystal Lopez
      Michael A. Iannucci
Attorneys for Defendant
NEW PENN FINANCIAL, LLC

# EXHIBIT  A



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

AQG / ALL
Transmittal Number: 14871387
Date Processed: 03/04/2016

| | |
|---|---|
| Primary Contact: | Phil Italiano<br>New Penn Financial, LLC<br>4000 Chemical Rd<br>Suite 200<br>Plymouth Meeting, PA 19462-1708 |
| Copy of transmittal only provided to: | Justin Bradley<br>Jeffrey Cronin<br>Luke Umstetter<br>Shannon Leight |

| | |
|---|---|
| **Entity:** | New Penn Financial, LLC<br>Entity ID Number  3474104 |
| **Entity Served:** | New Penn Financial, LLC |
| **Title of Action:** | Charles A. Gulden vs. New Penn Financial, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Yuma County Justice Court, Arizona |
| **Case/Reference No:** | J1401CV20160382 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 03/04/2016 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | CHarles A. Gulden<br>928-782-5182 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

Charles A. Gulden
11802 E. 28th Pl
Yuma, AZ 85367
Phone: 928-782-5182

**Yuma Justice Court First Precinct**
**In and For the County of Yuma, State of Arizona**
250 W. 2nd Street, Suite A
Yuma, AZ 85364  (928) 817-4100

---

**PLAINTIFF**
Charles A. Gulden
11802 E. 28th Pl
Yuma, AZ 85367

Case No: **J1401CV20160038**

-vs-

## SUMMONS

## CIVIL

**DEFENDANT**
New Penn Financial, LLC
c/o Corporation Service Company, Registered Agent
2711 Centerville Rd, Suite 400
Wilmington, DE 19808

---

**THE STATE OF ARIZONA TO THE ABOVE NAMED DEFENDANT(S):**

1.  You are summoned to respond to this complaint by filing an answer with this court and paying the court's required fee.  If you cannot afford to pay the required fee, you can request the court to waive or to defer the fee.

2.  If you were served with this summons in the State of Arizona, the court must receive your answer to the complaint within twenty (20) calendar days from the date you were served.  If you were served outside the State of Arizona, the court must receive your answer to the complaint within thirty (30) days from the date of service.  If the last day is a Saturday, Sunday, or holiday, you will have until the next working day to file your answer. When calculating time, do not count the day you were served with the summons.

3.  This court is located at: <u>250 W. 2nd Street, Suite A, Yuma, AZ 85364.</u>

4.  Your answer must be in writing. (a) You may obtain an answer form  from the court listed above, or on the Self-Service Center of the Arizona Judicial Branch website at http://www.azcourts.gov/ under the "Public Services" tab. (b) You may visit http://www.azturbocourt.gov/ to prepare your answer electronically; this requires payment of an additional fee. (c) You may also prepare your answer on a plain sheet of paper, but your answer must include the case number, the court location, and the names of the parties.

5.  You must provide a copy of your answer to the plaintiff(s) or to the plaintiff's attorney.

**IF YOU FAIL TO FILE A WRITTEN ANSWER WITH THE COURT WITHIN THE TIME INDICATED ABOVE, A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU, AS REQUESTED IN THE PLAINTIFF(S) COMPLAINT.**

Date: _____MAR 0 1 2016_____          _____
                                          Judge's Signature
                                          JUSTICE OF THE PEACE          {COURT SEAL}

**REQUEST FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE COURT AS SOON AS POSSIBLE BEFORE A COURT PROCEEDING.**

**Notice to the Defendant: A lawsuit has been filed against you in Justice Court!
You have rights and responsibilities in this lawsuit. Read this notice carefully.**

1. In a justice court lawsuit, individuals have a right to represent themselves, or they may hire an attorney to represent them. A family member or a friend may not represent someone in justice court unless the family member or friend is an attorney. A corporation has a right to be represented by a managing member. A corporation or an LLC may also be represented by an attorney.

If you represent yourself, you have the responsibility to properly complete your court papers and to file them when they are due. The clerks and staff at the court are not allowed to give you legal advice. If you would like legal advice, you may ask the court for the name and phone number of a local lawyer referral service, the local bar association, or a legal aid organization.

2. You have a responsibility to follow the Justice Court Rules of Civil Procedure ("JCRCP") that apply in your lawsuit. The rules are available in many public libraries, at the courthouse, and online at the Court Rules page of the Arizona Judicial Branch website, at *http://www.azcourts.gov/*, under the "AZ Supreme Court" tab.

3. A "plaintiff" is someone who files a lawsuit against a "defendant." You must file an answer or other response to the plaintiff's complaint **in writing** and **within twenty (20) days** from the date you were served with the summons and complaint (or thirty (30) days if you were served out-of –state.) If you do not file an answer within this time, the plaintiff may ask the court to enter a "default" and a "default judgment" against you. Your answer must state your defenses to the lawsuit. Answer forms are available at the courthouse, and on the Self-Service Center of the Arizona Judicial Branch website at *http://www.azcourts.gov/*, under the "Public Services" tab. You may prepare your answer electronically at *http://www.azturbocourt.gov/*; this requires payment of an additional fee. You may also prepare your answer on a plain sheet of paper, but your answer must include the court location, the case number and the names of the parties. You must provide to the plaintiff a copy of any document that you file with the court, including your answer.

4. You may bring a claim against the plaintiff if you have one. When you file your answer or written response with the court, you may also file your "counterclaim" against the plaintiff.

5. You must pay a filing fee to the court when you file your answer. If you cannot afford to pay a filing fee, you may apply to the court for a fee waiver or deferral, but you must still file your answer on time.

6. You may contact the plaintiff or the plaintiff's attorney and try to reach an agreement to settle the lawsuit. However, until an agreement is reached you must still file your answer and participate in the lawsuit. During the lawsuit, the court may require the parties to discuss settlement.

7. Within forty (40) days after your answer has been filed, you and the plaintiff are required to provide a disclosure statement to each other. The disclosure statement provides information about witnesses and exhibits that will be used in the lawsuit. A party may also learn more about the other side's case through discovery. Read the Justice Court Rules of Civil Procedure for more information about disclosure statements and discovery.

8. The court will notify you of all hearing dates and trial dates. You must appear at the time and place specified in each notice. If you fail to appear at a trial or a hearing, the court may enter a judgment against you. To assure that you receive these notices, you must keep the court informed, in writing, of your current address and telephone number until the lawsuit is over.

1
2
3
4

Charles A. Gulden
11802 E. 28th Pl
Yuma, AZ 85367
Phone: 928-782-5182
Email: chasinyuma@hotmail.com

FILED

2016 MAR -1  PM 2:53

YUMA JUSTICE COURT
FIRST PRECINCT

5

## IN THE YUMA COUNTY JUSTICE COURT

6

## STATE OF ARIZONA

7

8

CHARLES A. GULDEN,

        Plaintiff,

Case No.: **J1401CV2016**00382

9

10

vs.

COMPLAINT (CIVIL)

11

NEW PENN FINANCIAL, LLC,

12

        Defendant.

13

### JURISDICTION AND VENUE

14

15

16

17

    1.  This claim arises from tort and is made pursuant to the federal Telephone Consumers

Protection Act (TCPA), 47 U.S.C. §227, and its Federal Communications Commission (FCC)

TCPA implementing regulation, 47 C.F.R. §1200.

18

19

20

21

22

    2.  Plaintiff, Charles A. Gulden, is a resident of Yuma County, Arizona.  Defendant,

New Penn Financial, LLC is a Delaware business entity that conducts business activities within

or into, but not necessarily limited to or within, the state of Arizona.  All acts complained of

herein occurred on Plaintiff's residential telephone located in Yuma County, Arizona.

23

### FACTUAL ALLEGATIONS

24

25

26

27

28

    3.  On or about 11 February 2016 Defendant or Defendant's employees, agents or parties

acting on behalf of the Defendant initiated a series of three (3) separate telephone calls to

Plaintiff's residential telephone number ending in 5182 for the purpose of encouraging the

purchase or investment in property, goods or services.

COMPLAINT (CIVIL) - 1

4.   Plaintiff has not provided Defendant with his prior express invitation or permission to make telephonic solicitation calls to his residential telephone nor does Defendant or any party calling on its behalf have a personal relationship or an established business relationship with the Plaintiff.

5.   For more than thirty-one (31) days prior to Defendant's three (3) separately initiated calls to Plaintiff's residential telephone, Plaintiff's residential telephone number was registered on the national Do Not Call Registry in which the federal government documents the telephone numbers of persons who do not wish to receive such telephone solicitations.

## TCPA VIOLATIONS I, II & III

6.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

7.   Each of the foregoing calls initiated by or on behalf of the Defendant constitute separate negligent violations of the TCPA pursuant to 47 U.S.C. § 227(c), in that the calls were initiated to the Plaintiff's residential telephone number while it was registered on the national Do Not Call Registry.

8.   The foregoing calls constitute multiple knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(C).

## TCPA VIOLATION IV & V

9.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10.   On 29 February 2016 Plaintiff made a specific request to Defendant's agent or employee who previously solicited the Plaintiff that Plaintiff's telephone number be added to

COMPLAINT (CIVIL) - 2

Defendant's internal Do Not Call list, and Plaintiff specifically requested that a copy of the Defendant's written policy for maintaining a Do Not Call list be made available to him.

11. Defendant's agent or employee stated that Defendant does not have a written Do Not Call policy that it can make available to Plaintiff, and Defendant has not provided or made available the requested copy of its written policy to Plaintiff.

12. Independent of the violations cited elsewhere in this Complaint, Defendant's failure to establish and implement written procedures to comply with the national Do Not Call rules and provide or make available upon demand a copy of its written policy for maintaining a Do Not Call list to the Plaintiff constitute violations of 47 C.F.R. §1200(c)(2)(i)(A) and 47 C.F.R. §1200(d)(1), entitling Plaintiff to an award of $1,500.00 in statutory damages pursuant to 47 U.S.C. § 227(c)(5)(C) for each of these violations.

### TCPA VIOLATION VI

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. Independent of the violations cited elsewhere in this Complaint, Defendant's numerous and multiple violations of the TCPA in respect to the Do Not Call implementing regulations within 47 C.F.R. §1200 indicate that Defendant has failed to train its personnel or others acting on its behalf in procedures established pursuant to the National Do Not Call Registry and rules, pursuant to 47 U.S.C. 227(c)(2), 47 C.F.R. §1200(c)(2)(i)(B), and 47 C.F.R. §1200(d)(2).

15. Defendant's failure to train its personnel and any entity assisting in its compliance in procedures established pursuant to the national Do Not Call Registry and rules constitutes violation of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages,

COMPLAINT (CIVIL) - 3

pursuant to 47 U.S.C. § 227(c)(5)(C).

**RELIEF REQUESTED**

16.  Plaintiff seeks monetary damages based on treble the amount of Five Hundred Dollars ($500.00) for each of the six (6) separate TCPA violations complained of herein, amounting to total amount of monetary damages of Nine Thousand Dollars ($9,000.00). Plaintiff further claims post judgment interest, court costs and other expenses in connection with this case.

**JURY DEMAND**

17.  Plaintiff respectfully requests trial by jury.

Dated this 1st day of March, 2016.

Charles A. Gulden

COMPLAINT (CIVIL) - 4